# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **BRUCESTAN JORDAN,** | ) |
| Movant, | ) |
| | ) NO. 3:17-cv-00998 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **UNITED STATES OF AMERICA,** | ) MAGISTRATE JUDGE |
| | ) FRENSLEY |
| Respondent. | ) |

## MEMORANDUM

Pending before the Court is Brucestan Jordan's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Doc. No. 1). Jordan challenges his 2007 conviction for mail fraud and aggravated identity theft in this Court. *United States v. Brucestan Jordan*, Case No. 3:06-cr-00165 (M.D. Tenn. June 1, 2007) [hereinafter cited as "Crim. Doc. No. ___"]. The government filed a response to Jordan's motion, urging that the motion should be denied. (Doc. No. 18).

For the following reasons, Jordan's motion will be denied, and this action will be dismissed.

## I. BACKGROUND

A federal jury found Jordan guilty of mail fraud (Count 1) in violation of 18 U.S.C. § 1341 and aggravated identity theft (Count 2) in violation of 18 U.S.C. § 1028(a)(1) on November 30, 2006. *United States v. Brucestan Jordan*, Crim. Doc. No. 3:06-cr-00165 (M.D. Tenn.) (Crim. Doc. No. 79). On May 31, 2007, the Court sentenced Jordan to 48 months of imprisonment on Count 1 and 24 months of imprisonment on Count 2 to run consecutively with Count 1. (Crim. Doc. No. 131). Judgment was entered on June 1, 2007. (*Id.*, Doc. No.134).

1

Jordan filed a notice of appeal on June 4, 2007. (Crim. Doc. No. 136). He made several arguments, including that (1) there was a violation of the Speedy Trial Act's requirement that a defendant be indicted within thirty days of his arrest; (2) evidence was unlawfully seized from his vehicle incident to a warrantless arrest without probable cause; (3) the district court erred in refusing to appoint standby counsel to assist Jordan's pro se defense at trial; (4) the district court failed properly to exercise its discretion under Rule 16 of the Federal Rules of Criminal Procedure to grant adequate remedies for alleged discovery violations by the government; (5) the government failed to provide timely notice under Federal Rule of Evidence 902(11) of its intent to offer certain records into evidence; (6) the evidence at trial was insufficient to support a conviction; and (7) the district court erred in sentencing him on Count 1 in finding the amount of intended loss from his actions to be around $811,000. (Crim. Doc. No. 146 at 2). The Sixth Circuit Court of Appeals affirmed Jordan's conviction and sentence. (Crim. Doc. No. 147). He filed a writ of certiorari in the United States Supreme Court on January 26, 2009, (Crim. Doc. No. 148), which was denied on February 23, 2009 (Crim. Doc. No. 149).

In February 2010, Jordan, who was then incarcerated at the Miami Federal Correctional Institution, submitted a petition for writ of habeas corpus titled "The Great Writ 'Common Law Petition for Writ of Habeas Corpus" in this Court. *See Jordan v. United States*, Civ. Act. No. 3:10-cv-00174 (M.D. Tenn.) (Doc. No. 1). Jordan stated in the petition that 'this Common Law Writ of Habeas Corpus is not to be construed as a 28 USC [sic] § 2255 or any other remedy under the Antiterroism [sic] and Effective Death Penalty Act (AEDPA)." (Case No. 3:10-cv-00174 at Doc. No. 1). Among other claims, the petition raised a claim pursuant to the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646, 647 (2009). (*Id.*, Doc. No. 1 at 30-31). The Court construed the petition as a habeas corpus petition pursuant to 28 U.S.C. § 2241, dismissed

2

the petition as improperly filed, and declined to transfer the petition to the United States District Court for the Southern District of Florida. (*Id.*, Doc. No. 7).

On April 8, 2010, Jordan submitted a petition for habeas relief in the United States District Court for the Southern District of Florida, which was docketed on April 13, 2010; the Florida District Court construed the petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and transferred it to this Court. *See Jordan v. United States*, Case No. 3:10-cv-00525 (Doc. Nos.1, 4-7). Among other claims, the motion raised a claim pursuant to the Supreme Court's decision in *Flores-Figueroa*. (*Id.*, Doc. No. 1 at 30). The government moved to dismiss Jordan's Section 2255 motion, and the Court granted the motion on September 8, 2011, finding that Jordan had filed his Section 2255 motion for relief beyond the AEDPA's one-year limitations period and had failed to provide a basis for equitable tolling. *See Jordan v. United States*, No. 3:10-CV-00525 (Doc. No. 71). The Court also denied a certificate of appealability. (*See id.*) Jordan did not appeal.

On February 5, 2013, Jordan initiated the instant action by filing a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, Newark Division. At that time, Jordan had been released from prison and sought relief from the burdens of supervised release. On June 29, 2017, the New Jersey District Court dismissed Jordan's Section 2241 challenge to his conviction for lack of jurisdiction, dismissed his Section 2241 challenge to his supervised release as moot, and transferred the remainder of the case—which the Court construed as asserting claims under 28 U.S.C. § 2255—to this Court. (Doc. No. 7 at 1). Specifically, the Court found that

> it is in the interest of justice to transfer the matter to the District Court for the Middle District of Tennessee (Nashville) to determine whether Petitioner's *Flores-Figueroa* claim is untimely and/or procedurally defaulted. Petitioner has also alleged in the instant Petition that he is "actually innocent" of the crimes for which he was convicted, *see McQuiggin v. Perkins*, --U.S.--, 133 S. Ct. 1924, 1931-32, 185 L.Ed.2d 1019 (2013), which could, if proven, permit him to overcome

3

untimeliness and/or procedural default. For these reasons, the Court finds that it is in the interest of justice to transfer the Petition to the District Court for the Middle District of Tennessee in lieu of dismissal.

(Doc. No. 7 at 9).

Upon transfer, the Honorable Waverly D. Crenshaw, Jr. appointed counsel for Jordan and ordered counsel to file an amended Section 2255 petition. (Doc. Nos. 11, 12). After meeting with Jordan, appointed counsel filed a "Notice of Intent to Proceed on Original Petition," declining to file an amended complaint on ethical grounds. (Doc. No. 16 at 1).

The government filed a response to Jordan's Section 2255 petition, arguing that the petition is frivolous and untimely. (Doc. No. 18)

## II. APPLICABLE LAW

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967 (2002). In Section 2255 proceedings, it is the movant's burden to show his or her entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

Under 28 U.S.C. § 2255, "[a] 1-year period of limitation shall apply to a motion under this section." The limitation period shall run from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the

>   > United States is removed, if the movant was prevented from making a motion by such government action;
>
>   (3)  the date on which the right asserted with initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The AEDPA sets forth procedures a federal prisoner must follow when seeking to file a second or successive petition under § 2255. *See id*. §§ 2244, 2255. The prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. § 2244(b)(3)(A). These motions are to be decided by a three-judge panel of the court of appeals, and the panel is to grant or deny authorization within thirty days. *Id*. §§ 2244(b)(3)(B), 2244(b)(3)(D). The motion must be certified by the panel to contain either:

>   (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id*. § 2255(h). The appellate court's grant or denial of authorization is not appealable or subject to further review. *Id*. § 2244(b)(3)(E). District courts must "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id*. § 2244(b)(4).

### IV. ANALYSIS

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*,

488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact ." *Id*. (internal quotation marks omitted). Upon consideration of Jordan's filings, the Court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required. The Court will dispose of the motion without a hearing. Rule 8(a), Rules Gov'g § 2255 Proceedings. Furthermore, the Court finds that Jordan's motion must be denied for several independent reasons.

Under Section 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Jordan was sentenced by this Court. However, because Jordan appears to have completed his term of supervised release in 2013 (*see* Doc. No. 7 at 8; Doc. No. 13), he is no longer under any federal sentence or supervision. Consequently, he may not pursue relief under Section 2255, and his section 2241 claims already were addressed by the New Jersey District Court.

Next, the conviction Jordan challenges in his Section 2255 motion became final on February 23, 2009, when the Supreme Court denied his petition for writ of certiorari. (Crim. Doc. No. 149). Jordan therefore had until February 24, 2010, to file this action. He filed this action on February 7, 2013. Therefore, the action is untimely. Jordan has not met his burden of showing that he is entitled to equitable tolling of the statutes of limitations.

Jordan purports to base his Section 2255 motion in part on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" under Section 2255(h)(2).[1] On May 4, 2009, the Supreme Court resolved a Circuit

---

[1] Jordan alleges that he is "presenting claims that were later deemed non-criminal by the U.S. Supreme Court and therefore the petitioner is entitled to the safety valve." (*See* Doc. No. 1 at 9). Jordan further alleges that, "do [sic]

6

split in *Flores-Figueroa*, narrowing the interpretation of 18 U.S.C. § 1028A[2] by construing the statute's knowledge requirement to require the government to prove a defendant knows the identifying information he misuses belongs to a real individual. *Id*. at 657. Thus, after *Flores-Figueroa*, to convict a defendant of aggravated identity theft, the government must prove not only that a defendant invented a false identification but that the defendant knew the "means of identification" he or she unlawfully transferred, possessed, or used, in fact, belonged to "another person." *Flores-Figueroa*, 556 U.S. at 657.

*Flores-Figueroa* was decided on May 4, 2009, and Jordan submitted the instant motion for filing on April 8, 2010. Thus, although *Flores-Figueroa* was decided after Jordan's conviction became final, Jordan could have raised and, in fact, did raise this claim in a prior Section 2255 motion. Thus, he cannot rely on *Flores-Figeroa* now to excuse his untimely filing of his Section 2255.

Further, to the extent Jordan argues that a tolling of the statute of limitations is warranted based on a claim of actual innocence under *McQuiggin v. Perkins* (*see* Doc. No. 1 at 9), it is true that Section § 2255(f) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008). "A federal habeas corpus court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence

---

to the change in the laws [he] is actually innocent of the alleged crimes" and cites to two Supreme Court cases, *Flores-Figueroa v. United States*, 556 U.S. 646. 647 (2009) and *Bonds v. U.S.*, for which he does not provide a citation. (*Id.*) The Court has not located a decision titled "Bonds v. U.S." that allegedly provides Jordan with the "right to challenge jurisdiction" for the aggravated identity theft charge.

[2] Section 1028A provides a five-year term of imprisonment for anyone who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person or a false identification document." 18 U.S.C. § 1028A(a)(1).

7

has been reliably shown." *McQuiggin*, 569 U.S. 383, 387. But "'actual' innocence means factual innocence, not mere legal insufficiency" or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, Jordan cannot obtain actual innocence equitable tolling without submitting new reliable evidence showing that he is factually innocent on the two federal criminal offenses of which he was convicted.

Here, Jordan contends that there has been a change in the law that makes him innocent of the crime of aggravated identity theft. Jordan is not entitled to equitable tolling of the statute of limitations because he does not have a credible claim of actual (factual) innocence based on any new reliable evidence—exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was unknown or unavailable at the time of his conviction and sentencing.

Moreover, Jordan has raised the issues he seeks to have reviewed here on direct appeal and in at least six other collateral attacks on his conviction and sentence. All have been denied. To the extent Jordan seeks permission to file a second or successive Section 2255 motion, Jordan did not "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

## V. CONCLUSION

Accordingly, Jordan's motion under 28 U.S.C. § 2255 (Doc. No. 1) will be denied, and this action will be dismissed.

## VI. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the "applicant has made a substantial showing of the

8

Case 3:17-cv-00998   Document 22   Filed 07/15/20   Page 8 of 9 PageID #: 87

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court finds that Jordan has not satisfied this standard and will therefore deny a certificate of appealability.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE